## J. A. LUNDGREN V. JAMES CRUM.

FILED FEBRUARY 18, 1896.   No. 6191.

1. **Courts:** TRANSFER OF CASES: JURISDICTION.   An action of trespass was begun in the county court. After issues joined there a stipulation was entered into transferring the case to the district court. The pleadings were then refiled in the district court and a trial was there had. It turned out that the vital issue concerned the title and boundaries of land. *Held,* That the stipulation was equivalent to one dismissing the case in the county court and recommencing it in the district court, with appearance of parties, and that the district court had jurisdiction, although the county court might not.

2. **Trespass:** PLEADING.   A petition charging an unlawful entry and damage to plaintiff's land states a cause of action for trespass, although it prays treble damages and does not charge that the trespass was willful, as required by Code, section 636, as a basis for treble damages.

3. **Review:** CONFLICTING EVIDENCE.   Where the evidence is conflicting this court will not disturb the verdict as unsupported by the evidence.

ERROR from the district court of Antelope county.   Tried below before BARTOW, J.

*R. R. Dickson* and *C. F. Bayha,* for plaintiff in error.

*N. D. Jackson* and *W. H. Holmes, contra.*

IRVINE, C.

Crum was the owner of that part of the northwest quarter of section 10, township 25, range 7 west, in Antelope county, lying north of the Elkhorn river, as the course of that river lay in 1883, and Lundgren was the owner of that portion of the quarter section lying south of the river.

Lundgren brought an action in the county court charging that Crum had unlawfully entered upon his land and cut and removed timber to the value of $90.  Crum filed an answer, which was in effect a denial of any entry upon or cutting of timber from the lands of Lundgren.  Thereupon a stipulation was entered into that the cause should be transferred to the district° court and there stand for trial as though originally commenced in that court, waiving all questions of jurisdiction, and agreeing that the costs should follow the result of the suit.  A transcript was filed in the district court, and thereafter the original pleadings were refiled, which was followed by an amended petition filed by Lundgren.  There was a verdict and judgment for the plaintiff for $3, and the defendant prosecutes error.

The issue between the parties was the boundary between their lands, the timber having been cut on a tract which each claimed; the plaintiff claiming that at the time of his grant this tract lay south of the Elkhorn river, but by avulsion in 1888 the stream formed a new channel, whereby the land in dispute was cast to its north.  This was the issue tried.

It is first insisted by the plaintiff in error that the action having been begun in the county court, and that court being without jurisdiction in matters wherein the title or boundaries of land may be in dispute (Compiled Statutes, ch. 20, sec. 2), the district court acquired no jurisdiction of the subject-matter.  This contention is based on the doctrine that where the court in which an action originates is without jurisdiction of the subject-matter, an appellate court acquires no jurisdiction on appeal, although it might have had juris-

diction of an original action for the same purpose; but this contention ignores the fact that this case did not go to the district court by appeal or otherwise by course of law. It went there before trial in the county court by stipulation of the parties. The stipulation had the same effect as if it had been for the dismissal of the case in the county court and its recommencement in the district court, with the entry of appearance by the defendant. The parties filed their pleadings in the district court and proceeded to trial. The district court had jurisdiction of such actions, and as it was prosecuted there as an original action, and not for the purpose of reviewing any judgment or order of the county court, the original want of jurisdiction in the county court was immaterial.

It is next argued that the amended petition does not state a cause of action. This petition alleges that the plaintiff was the owner of the land described, and in possession thereof; that the defendant, in the summer of 1888, and at various times thereafter, wrongfully, and without consent of the plaintiff, entered upon said premises and cut and removed timber therefrom to the value of $30, whereby the defendant became liable to pay the plaintiff the sum of $90; and the prayer is for judgment for $90. The objection urged to the petition is that it fails to state a cause of action under section 636 of the Code of Civil Procedure, whereby for willful trespass, etc., the trespasser is rendered liable for treble damages. It is stated that the petition is defective in not charging that the trespass was willful. No exceptions were taken to the instructions submitting the case to the jury under this statute,

and the objection that the petition does not state a cause of action does not reach the point.  The petition certainly states a cause of action for trespass, independent of the statute, and the prayer for treble damages does not vitiate it.

Finally, it is contended that the verdict is not sustained by the evidence;  but the very candid brief of the plaintiff in error discloses that on the controverted issue the evidence was conflicting. As has been repeatedly held, it is not the province of this court in the exercise of its appellate jurisdiction to weigh conflicting testimony.

JUDGMENT AFFIRMED.